INSURANCE CO. OF NORTH AMERICA v. FREDK. LEYLAND & CO. (1900), Limited.

(Circuit Court of Appeals, Third Circuit.  November 6, 1911.)

No. 1,485.

1. SHIPPING (§ 132*)—SUIT FOR DAMAGE TO CARGO—BURDEN OF PROOF.
Where cotton was receipted for by a ship as in good condition, but was in bad condition when delivered at destination, the vessel is prima facie liable for the injury, and has the burden of proof to establish its exercise of proper care.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 479–482; Dec. Dig. § 132.*

Presumptions and burden of proof as to cause of loss or injuries to goods shipped by vessel, and diligence or negligence of carrier, see note to The Patria, 68 C. C. A. 398.]

2. SHIPPING (§ 132*)—DAMAGE TO CARGO—IMPROPER LOADING.
Evidence considered, and held to establish the liability of the owners of a vessel for damage to a cargo of cotton on the ground that a part of it was loaded in the rain, and that other bales were wet when loaded.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 132.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Suit in admiralty by the Insurance Company of North America against the Fredk. Leyland & Co. (1900), Limited, owner of the steamship Darien.  Decree for libelant for part of its claim, and it appeals. Modified.

For opinion below, see 171 Fed. 524.

Lewis, Adler & Laws, for appellant.

Howard H. Yocum and J. Rodman Paul (Biddle, Paul & Jayne, of counsel), for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

BUFFINGTON, Circuit Judge.  In July, 1903, the steamship Darien sailed from New Orleans, having on board 2,152 bales of cotton, shipped by Vincent & Hayne, cotton brokers and factors of New Orleans, to certain consignees in Liverpool.  By various written receipts, between June 24th and July 14th, the Darien acknowledged to have received the said cotton in good order.  On arrival at Liverpool some 1,877 bales were in damaged condition.  This damage, amounting to $2,650.97, was paid to the owner of the cotton by the present libelant insurance company on its policy of insurance.  Thereafter the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r indexes

latter filed this libel in personam against the owners of the Darien to reimburse it. The court below sustained the claim to the extent of $235.47, the damage on 167 bales, and denied the balance. From a decree awarding the libelant said damages of $235.47, but charging it with $513.04 of the $563.13 total costs, the insurance company took this appeal. This case is to be determined on the respondent's liability as a common carrier and without reference to bill of lading provisions, for the libel, answer, and disposition of the case by the court below were based on such common-law liability alone. That court held no bill of lading was in evidence before it, and this court declined to admit such bill in evidence at bar.

[1, 2] After examination of the proofs and full consideration, we cannot concur in the court's decree. The admission by the ship in its written receipt of the delivery to it of the cotton in good order, coupled with its bad condition at destination, made a prima facie case, and put the respondent on proof. But the ship offered no evidence whatever to countervail such liability. It seems to have proceeded on the theory that the libelant having undertaken to offer further proof, namely, of damage done to the cotton by rain falling upon it while it was in libelant's charge on the wharf, while it was being loaded and through open hatches after it was stored, was bound to prove how the particular damage to each bale occurred. We cannot agree with this contention. Fairly considered, the proofs of the libelant, while they did not prove the particular damage to each bale, tended to show that parts of the cotton had been, after receipt by the respondent, exposed to rain on the wharf in loading and after it was loaded; that the attention of the ship's officer was called to the wetness of the cotton by the official representative of the New Orleans Cotton Exchange; that the officer replied the ship had to get away; and that in support of this alleged desire of the vessel to get away it was shown she pursued the unusual course of both loading on Sunday and loading during rain, and that persons experienced in cotton carrying testified without contradiction that the loading of cotton during rain was improper and the storage of wet bales equally so. It was also proved that bales stored when wet injuriously affected contiguous ones. Moreover, before delivery to the ship, this cotton had passed inspection at cotton presses, and, while no attempt was made to show the inspection of particular bales of this shipment, the testimony nevertheless tended to show that, under the system of inspection followed in such presses, cotton in the damaged condition here alleged would have been discovered. Indeed, it was shown that, if the cotton when received by the ship was in a damaged condition, it was to the monetary advantage of the shipper to have it rejected, since on such rejection by the vessel the consignor's customers from whom the cotton was received were bound to make good in a manner more advantageous to the broker than if the cotton was not rejected.

In our judgment the clear weight of the proof tended to establish the ship's liability, and we therefore remand the case with directions to enter a decree for libelant for the full amount of its claim, with costs.